MESKER et al. v. OHIO RIVER SAND CO. et al.

(Circuit Court of Appeals, Sixth Circuit. December 5, 1922.)

No. 3758.

1. Corporations ⚖=565(6)—Creditor purchasing other claims held not to have lost right to contest claims of others to preference.

A creditor *held* not to have lost the right to contest the claims of other creditors to preference because of his purchase of some of the alleged preferred claims.

2. Appeal and error ⚖=837(10)—Contract between creditors of insolvent corporation giving preference not to be considered in appellate court, when not put in issue below.

An alleged contract between creditors of an insolvent corporation, giving certain creditors a right to preference, and produced by them when

proving their claims before a master, but not put in issue or mentioned in the pleadings, cannot be considered by the appellate court as determining rights between the creditors.

Appeal from the District Court of the United States for the Western District of Kentucky; Walter Evans, Judge.

Appeal in equity by George L. Mesker and another, as general creditors, in a suit against the Ohio River Sand Company and others. Affirmed.

See, also, Belknap Hardware & Mfg. Co. v. Ohio River Contract Co., 264 Fed. 676; Id., 271 Fed. 144.

Helm Bruce, of Louisville, Ky. (O. W. McGinnis, of Evansville, Ind., on the brief), for appellants.

John B. Baskin, of Louisville, Ky. (Baskin & Vaughan, of Louisville, Ky., on the brief), for appellees.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. This case was here before under the title of Belknap Co. v. Ohio Co., and is reported in 271 Fed. 144. We held that the labor and material claimants were entitled to a preference as against general creditors, and remanded the case for proceedings accordingly. In the court below a reference was had, a report was made specifying the names of the creditors thus preferred and the amount owing to each, and this report was confirmed by the court. From such confirmation two general creditors bring this appeal.

The appellants do not present any new question, but desire a final judgment putting the record in condition for review by the Supreme Court. Ordinarily we would merely enter an order affirming; but appellees present two questions for additional consideration, upon which they base motions to dismiss the appeal and a request that, if there is an affirmance, it be rested also upon an additional reason now appearing.

[1] They show that one of the general creditors who bring the appeal had become the purchaser of the greater part of the secured claims, and they therefore insist that the appeal was collusive, or perhaps, in effect, that the case is moot. We think not. There is no complete merger of interests. There are secured creditors whose claims have not been purchased, and there are general creditors (including one of the appellants) whose interests are wholly adverse to the preferences claimed. Class interests remain adversary. The purchasing appellant did not cease to be a general creditor because he bought a preferred claim.

[2] Appellees also say that there was in existence a contract, not shown by the record on the former appeal, whereby the general creditors, now appellants, consented to these several preferences which the decree has now awarded, and, when appellees came to prove their secured claims before the master, they filed a copy of this contract. They now suggest that the appellants are thereby estopped to contest the preference, and that the decree of affirmance should be rested also on this ground. This contract cannot be considered upon this appeal. It

is not mentioned in any pleading, nor have the general creditors ever been called upon either to admit or deny its existence or its continued force.

The motions to dismiss are denied, and the decree is affirmed.